United States Courts
Southern District of Texas
FILED
*May 21, 2025*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| vs. | § § § | CASE NO. **4:25-cr-00269** |
| **HUGO ALEJANDRO MOYA CAMPOS,** Defendant | § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

    "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

    (A)   the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

    "actual or simulated -
    (i)     sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
    (ii)    bestiality; [or]
    (iii)   masturbation; [or]
    (iv)   sadistic or masochistic abuse; or

1

  (v) [the] lascivious exhibition of the anus, genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable handheld calculator or other similar device."

5. The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, [and] data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Conspiracy to Sexually Exploit Children)

On or about April 17, 2023, within the Southern District of Texas and elsewhere,

**HUGO ALEJANDRO MOYA CAMPOS**,

defendant herein, did knowingly, unlawfully and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury to employ, use, persuade, induce, entice and coerce and attempted to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been

mailed, shipped and transported in or affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(a) & (e).

## COUNT TWO
### (Sexual Exploitation of Children)

From on or about August 12, 2022 to on or about August 22, 2022, within the Southern District of Texas,

**HUGO ALEJANDRO MOYA CAMPOS,**

defendant herein, did employ, use, persuade, induce, entice and coerce and attempted to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #2, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2251(a) & (e).

## COUNT THREE
### (Distribution of Child Pornography)

Throughout July 2024, within the Southern District of Texas,

**HUGO ALEJANDRO MOYA CAMPOS,**

defendant herein, did knowingly distribute material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

3

## COUNT FOUR
### (Receipt of Child Pornography)

Throughout July 2024, within the Southern District of Texas,

**HUGO ALEJANDRO MOYA CAMPOS,**

defendant herein, did knowingly receive material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT FIVE
### (Possession of Child Pornography)

On or about March 26, 2025, within the Southern District of Texas,

**HUGO ALEJANDRO MOYA CAMPOS,**

defendant herein, did knowingly possess material that contained an image of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed a Samsung Galaxy S9+ cellular telephone, Model SM-G965Ul, Serial Number R38K20HY97A (with attached SIM card and SD card), a Samsung Galaxy S10 cellular telephone, Model SM-G973Ul, Serial Number RF8M3307XlJ (with attached SIM card and SD card), a Samsung A02s cellular telephone, Model SM-A025U1, Serial Number R9HRBOGBFHZ (with attached SIM card and SD card), a SanDisk 16 GB MicroSD Card, a GENERIC 2GB MicroSD Card, and a SanDisk Ultra Plus 32 GB MicroSD Card; which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## NOTICE OF FORFEITURE

### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One through Count Five of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One through Count Five; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Five, or any property traceable to such property, including, but not limited to, the following:

a Samsung Galaxy S9+ cellular telephone, Model SM-G965Ul, Serial Number R38K20HY97A (with attached SIM card and SD card),
a Samsung Galaxy S10 cellular telephone, Model SM-G973Ul, Serial Number RF8M3307XlJ (with attached SIM card and SD card),
a Samsung A02s cellular telephone, Model SM-A025U1, Serial Number R9HRBOGBFHZ (with attached SIM card and SD card),
a SanDisk 16 GB MicroSD Card,
a GENERIC 2GB MicroSD Card, and
a SanDisk Ultra Plus 32 GB MicroSD Card

A True Bill:

Original Signature on File
Grand Jury Foreperson

NICHOLAS J. GANJEI
United States Attorney

By: *Christine Jiadai Lu*
Christine Jiadai Lu
Assistant United States Attorney
713-567-9000